No. 579
McDONALD v. McDONALD
Ohio Appeals, 6th Dist., Lucas Co.
No. 1565. Decided May 18, 1925.

65. AMBIGUITY—Where terms of a writing are ambiguous or uncertain, the construction which the parties themselves have placed on it will be followed by the courts.

650. INTENT—Such construction as will not defeat the manifest intention of the parties will be given written instrument.

RICHARDS, J.

Frederick McDonald brought an action in the Lucas Common Pleas to obtain partition of twenty acres of land situated in Lucas County. Charles McDonald, a brother denied Frederick's title to the premises and on trial it was adjudged that he had no interest in the premises. It was disclosed at the trial that Justus McDonald, the father, had obtained title to the tract in 1861 which was then situated in the United States Reserve Township 1; and deeded it to Minerva McDonald, his wife, who in 1920 conveyed it to her son, Charles.

Error was prosecuted and Frederick claimed that the deed to Minerva was void and of no effect and that he was owner of an undivided interest in the land by descent. The ground upon which the deed was alleged to be void was that there was a patent ambiguity in the deed. Charles contended that he is the owner in fee; all the deeds being referred to being duly and properly recorded. He claims that if there is an ambiguity in the deed it is latent, and can be explained by parol evidence. The Court of Appeals held:

1. There is an ambiguity recognized in cases involving principles which are scarcely referable to either patent or latent ambiguities. That principle is where the terms of a writing are ambiguous or uncertain, the construction which the parties themselves placed on it will be followed by the court. Courtright v. Schrimger 110 OS. 547.

2. It appears without a shadow of doubt that the parties thereto understood that the deed conveyed the premises in question, and it was intended by the parties that it should do so.

3. This court can take judicial notice of the fact that there are other United States reserves, but there was no evidence tending to show that Justus McDonald ever owned any land in any United States Reserve except the one in which he resided, and where the land in question is located.

4. A court must give such construction to a written instrument as not to defeat the manifest intention of the parties. Judgment affirmed.

Attorneys—W. W. Campbell, Foster E. Spence and Thad S. Powell, for Frederick; Hackett & Lynch, for Charles; all of Toledo.

---

No. 580
ADAMS, Admr. v. ADAMS
Ohio Appeals, 7th Dist., Mahoning Co
Oct. 29, 1924.

85. APPEALS—Applicatoin by appellant to dismiss appeal will usually be granted unless manifestly prejudicial to appellee.

FARR, J.

Original action in the Common Pleas for construction of the will of Wm. Adams, Sr., deceased. An appeal was perfected in the Court of Appeals, and later the appellant applied to dismiss the appeal. In the action below Mary and Carrie Adams were cross-petitioners and they now objected to the dismissal of the appeal, contending that it would be manifestly prejudicial to their rights. The cross-petition filed by them alleged that it was the clear intent of Adams Sr. that the income from his trust estate should be distributed equally to the families of his four sons, and that contrary to that intent the trustee had been distributing the income to the families of only two sons, and that therefore the trustee should be removed. The Coprt of Appeals held:

The rule is that an appellant will be permitted to withdraw or dismiss his appeal, although not as a matter of right, and the application to dismiss will be granted notwithstanding the objection of the appellee, unless it is apparent that that prejudice will result to the latter.

In this cross-petition the matters set forth are all adminisraive in character. They relate to the distribution of the fund, not to the construction of the will, and that is a matter to be conrtolled by exceptions to the settlement account, and as to who will administer the trust is a matter to be determined in another proceeding. Application to dismiss is granted.

Attorneys—Kennedy, Manchester, Conroy & Ford, Youngstown, for Adams, Admr.; Jas. Kennedy, Nicholson & Warnock, Youngstown, Gillmer, Gillmer, Stephens & Patchin, Warren, for Adams, defendants.